# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| **LARRY HOWARD,** | : | |
| **Plaintiff,** | : | |
| v. | : | 5:07-CV-259 (HL) |
| **BLUE BIRD CORP.,** | : | |
| **Defendant.** | : | |

## ORDER

The present case involves Defendant Blue Bird Corporation's alleged age discrimination in violation of the Age Discrimination in Employment Act (ADEA). Before the Court is Defendant's Motion for Summary Judgment (Doc. 22). For the reasons set out below, the Motion is granted.

## I. PROCEDURAL BACKGROUND

On March 13, 2008, this Court granted a Motion to Withdrawal as attorney to Plaintiff's previous counsel, A. James Rockefeller. Prior to granting the Motion, the Court held a hearing on the matter. At the hearing, Mr. Rockefeller represented that he believed his continued representation of Plaintiff would inevitably result in a violation of either his ethical duty to his client or his duty as an officer of the Court. The Court directed Mr. Rockefeller to consult with his client and attempt to reconcile the differences of opinion between counsel and Plaintiff regarding the case.

Mr. Rockefeller later reported, however, that he and his client were unable to come to a mutual understanding. After the Court was satisfied that Mr. Rockefeller had provided notice to his client that complied with Local Rule 83.1.4, the Court granted the Motion to Withdrawal. Subsequent to Mr. Rockefeller's withdrawal, Defendant filed a Motion for Summary Judgment (Doc. 22), which is currently pending before the Court. Plaintiff, who is proceeding pro se, failed to timely respond to the Motion. The Court advised him of the consequences of this failure and ordered him to respond by July 1, 2008. In addition, it appears that Mr. Rockefeller also provided Plaintiff with at least some information regarding the summary judgment process. See Doc. 19 (letter to the Court from Mr. Rockefeller regarding his meeting with his client). To date, Plaintiff has filed no response. Pursuant to the Court's warning in its June 20, 2008 Order, the Motion must now be taken under advisement without the benefit of knowing Plaintiff's position on the facts or law.

## II. FACTS

The Federal Rules place an obligation on the nonmovant to respond to a motion for summary judgment. Fed. R. Civ. P. 56(e). Failure to respond to the motion will result in summary judgment being entered against the opposing party where appropriate. Id. Summary judgement cannot be granted by default, however. U.S. v. One Piece of Real Prop. Located at 5800 SW 74th Ave., Miami, Fl., 363 F.3d 1099, 1101-02 (11th Cir. 2004). Although the district court is under no obligation to

sua sponte review all of the evidentiary materials available to it, it must review "all of the evidentiary materials submitted in support of the motion for summary judgment" to ensure the motion is supported by evidence. Id.

Defendant has submitted a Statement of Material Facts in accordance with Local Rule 56. That rule requires a party moving for summary judgment to attach to its motion "a separate and concise statement of the material facts to which the movant contends there is no genuine issue to be tried." Local Rule 56. The respondent must then file "a separate and concise statement of material facts . . . to which the respondent contends there exists a genuine issue to be tried. Id. The Rule also provides that "[a]ll material facts contained in the moving party's statement which are not specifically controverted by the respondent in respondent's statement shall be deemed to have been admitted, unless otherwise inappropriate." Id. Plaintiff has not submitted a statement of material facts, therefore, where the record supports Defendant's assertions in its Statement of Material Facts, the Court will deem it admitted.

Plaintiff is a 56-year-old African American male who began work for Defendant around 1973. During his approximately 33 years of employment, he worked almost exclusively as a welder in Blue Bird's "Coachworks" division. On February 15, 2006, Plaintiff was laid off as part of a division-wide reduction in force (RIF). The RIF was made because of the significant financial problems that Blue Bird was experiencing, which ultimately led to the company filing for bankruptcy. In July 2006, however, the

outlook in the Coachworks division improved and Plaintiff, along with the other former employees of this division, were recalled to work.

Plaintiff received a phone call notifying him of the recall. He indicated to the caller that he was unsure if he would return, but promised to call back with his decision. He ultimately decided to return to work. On his first day back on the job, however, he stated that he had retired and had not expected to be recalled. When apprised of Plaintiff's retirement status, Blue Bird informed him that, because he had retired, he was under no obligation to return to work as recalled. Plaintiff acknowledged that he was not required to work due to his retirement status and left the premises.

Plaintiff subsequently filed a claim with the Equal Employment Opportunity Commission alleging age discrimination. The EEOC declined to pursue the claim and this litigation followed.

## III. ANALYSIS

### A. Summary Judgment Standard

Summary judgment is appropriate when there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In ruling on a motion for summary judgment, the court takes the facts in the light most favorable to the nonmoving party. <u>Stanley v. City of Dalton</u>, 219 F.3d 1280, 1287 (11th Cir. 2000). The initial burden lies on the movant to demonstrate that the nonmovant lacks evidence to support an essential element of

4

its claim. Lowe v. Aldridge, 958 F.2d 1565, 1569 (11th Cir. 1992). The burden then shifts to the nonmovant, who must come forward with some evidence that would allow a jury to find in his favor, even if the parties dispute that evidence. Id. This evidence must be more than mere conclusory allegations or legal conclusions. Avirgan v. Hull, 932 F.2d 1572, 1577 (11th Cir. 1991). If the evidence that the nonmovant presents, however, is "merely colorable" or "not significantly probative," then summary judgment may be granted. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

**B. ADEA**

The ADEA prohibits an employer from discharging an individual because of his age. 29 U.S.C. § 623(a)(1). Therefore, in order for liability to attach, the employee's age must have played a role in the decisionmaking process to discharge the plaintiff. Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, PP (2000). In the Eleventh Circuit, the burden shifting framework established in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), applies to claims of age discrimination that are based on circumstantial evidence.[1] Chapman v. AI Transport, 229 F.3d 1012, 1024 (11th Cir. 2000). Under this framework, the plaintiff must establish a prima facie case of employment discrimination. Id. Once he does so, the employer must "articulate a legitimate nondiscriminatory reason for the

---

[1]There is no evidence of direct discrimination in this case.

challenged employment action." Id.  This is a burden of production, not persuasion; therefore any nondiscriminatory reason will suffice, even if it is unconvincing.  Id.  After the employer meets this very light burden, the plaintiff must come forward with evidence sufficient to allow a fact finder to conclude that the reasons the employer provided were not the true reasons for the adverse employment action.  Id.

The prima facie case is commonly established by demonstrating that the plaintiff, "(1) was a member of the protected age group, (2) was subject to adverse employment action, (3) was qualified to do the job, and (4) was replaced by a younger individual."[2]  Benson v. Tocco, Inc., 113 F.3d 1203, 1207-08 (11th Cir. 1997).  In a RIF case like the present one, however, the plaintiff admits that his job was eliminated in its entirety.  Requiring him to demonstrate that he was replaced by a younger employee thus serves no purpose.  In RIF cases, therefore, the plaintiff can establish a prima facie case of discrimination by showing:

> (1) that he was in a protected age group and was adversely affected by an employment decision, (2) that he was qualified for his current position or to assume another position at the time of discharge, and (3) evidence by which a fact finder reasonably could conclude that the employer intended to discriminate on the basis of age in reaching that decision.

Id. at 1208.

---

[2]Plaintiff would fail to meet his initial burden even if the Court were to apply this formulation of the prima facie case.  As Defendant has pointed out, there is no evidence that Plaintiff was replaced by a younger individual.

6

### C. Application

Plaintiff's age puts him in the class of individuals whom the ADEA protects. He was also clearly qualified for the job he had performed for 33 years. There is no evidence in the facts before the Court, however, that would allow a reasonable fact finder to believe that the RIF was motivated by an intent to discriminate. The record reflects Blue Bird eliminated an entire division of workers due to a lack of business. In addition, Plaintiff was recalled once it became clear that Defendant had a sufficient amount of business to support its Coachworks division. Blue Bird's attempt to re-hire Plaintiff demonstrates that its initial decision to eliminate Plaintiff's position was not motived by age discrimination. Furthermore, Blue Bird's legitimate nondiscriminatory reason for the reduction, i.e., its poor financial condition, is not rebutted by any evidence before the Court.

## III. CONCLUSION

Because the Plaintiff has failed to meet even the minimal burden of producing evidence of a prima facie case and has failed to rebut the employer's legitimate, nondiscriminatory reasons for the challenged action, the Motion for Summary Judgment is granted.

**SO ORDERED**, this the 3rd day of, July 2008.

*s/ Hugh Lawson*
**HUGH LAWSON, Judge**

tch